UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TOMASZ J. PIOTROWSKI,

                Plaintiff,

     v.

ASHWOOD FINANCIAL, INC.,

                Defendant.

ECF Case

Case No. 15-CV-5849

**COMPLAINT**

**JURY TRIAL DEMANDED**

      COMES NOW THE PLAINTIFF, Tomasz J. Piotrowski, by his attorneys, Steven M. Warshawsky and the Warshawsky Law Firm, for his complaint against the defendant, Ashwood Financial, Inc., and alleging upon personal knowledge and information and belief as follows:

### NATURE OF THE CASE

      1.    This is an action for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. The defendant, Ashwood Financial, made repeated automated telephone calls using an artificial or prerecorded voice to Mr. Piotrowski's cell phone regarding a debt that he supposedly owed – after the plaintiff had (i) informed the company that he had paid the debt in full, (ii) demanded the debt be marked as "disputed," (iii) requested verification of the debt and the name and address of the original creditor, and (iv) instructed the company to stop calling him. By this action, the plaintiff demands actual damages,

maximum statutory damages, treble damages under the TCPA, and attorney's fees and costs. The plaintiff demands a trial by jury.

## PARTIES

2. Plaintiff Tomasz J. Piotrowski is an adult citizen of New York and resides in Brooklyn, New York.

3. Defendant Ashwood Financial, Inc., is a "nationwide debt collection agency." Ashwood Financial is an Indiana corporation with its principal place of business at 6325A S. East Street, Indianapolis, Indiana, 46227. Its President is Dan P. Bailey, 6319A S. East Street, Indianapolis, Indiana, 46227. Its registered agent for service of process is Karen B. Neiswinger, 5335 N. Tacoma Avenue #12, Indianapolis, Indiana, 46220.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this case arises under the laws of the United States of America.

5. This Court has personal jurisdiction over defendant Ashwood Financial, Inc., pursuant to the United States Constitution and the New York Long Arm Statute, CPLR § 302(a), because the defendant, through its agents and employees, transacts business within the state and committed an unlawful act within the state.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. In the spring of 2011, Mr. Piotrowski received medical treatment at Lenox Hill Hospital, which is part of the North Shore Long Island Jewish Health System ("North Shore LIJ").

8. After being approved for financial assistance by the hospital, which reduced his bill, Mr. Piotrowski paid all monies he owed to Lenox Hill Hospital on or about November 2, 2011.

9. In or about November 2011, Mr. Piotrowski received a telephone call on his cell phone from an employee of Ashwood Financial, who identified herself as "Donna Cosby" and who informed Mr. Piotrowski that Ashwood Financial would be initiating collection procedures for a debt it claimed Mr. Piotrowski owed to North Shore LIJ. Mr. Piotrowski told Ms. Cosby that he had paid the bill in full and would send her written confirmation.

10. On November 6, 2011, Mr. Piotrowski mailed a letter about the alleged debt to Ashwood Financial at P.O. Box 47707, Indianapolis, Indiana, 46247-0707 (the mailing address listed on its website) and also emailed the letter to k2pierce@ashwoodfinancial.com and kzpierce@ashwoodfinancial.com (email addresses given by Ms. Cosby). The letter explained that Mr. Piotrowski had "**paid all of my bills** to the Lenox Hill Hospital **in full** on November 2, 2011," and

3

enclosed relevant documentation from North Shore LIJ. The letter further requested "pursuant to the Fair Debt Collection Practices Act" that Ashwood Financial provide Mr. Piotriwski with "verification of the purported debt" and "the name and address of the original creditor." Lastly, the letter instructed Ashwood Financial to "mark this matter as 'disputed'."

11. Mr. Piotrowski spoke to Ms. Cosby by phone on November 7, 2011, during which Ms. Cosby confirmed that she had received Mr. Piotrowski's November 6 letter.

12. Mr. Piotrowski sent a follow-up email to Mr. Cosby on November 7, 2011, memorializing their telephone conversation, reiterating his instruction to "mark this matter as 'disputed'," and again requesting verification of the alleged debt. Lastly, in this email, Mr. Piotrowski expressly instructed Ms. Cosby that "your company <u>do not contact me</u> until you comply with all requirements of the FDCPA."

13. Ashwood Financial never provided any information or documentation to Mr. Piotrowski verifying the alleged debt and identifying the name and address of the original creditor.

14. Mr. Piotrowski did not receive any further communications from Ashwood Financial until nearly three years later, on October 13, 2014, when Ms. Cosby (upon information and belief, the same person who had called him in 2011) once again telephoned Mr. Piotrowski about the debt he allegedly owed to North Shore LIJ. Ms. Cosby left him a voicemail on his cell phone in which she

4

demanded that Mr. Piotrowski call her back. Mr. Piotrowski promptly telephoned Ms. Cosby, reminding her that the hospital bill had been paid in full and instructing her, once again, to mark the debt as "disputed" and to cease contacting him. Ms. Cosby responded by interrupting him and rudely telling him, "Thomas, you don't know what you are talking about! I can call you! And I will call you anytime I want!"

15. On October 14, 2014, Mr. Piotrowski sent a letter complaining about Ms. Cosby's harassment to Ashwood Financial by email at k2pierce@ashwoodfinancial.com and kzpierce@ashwoodfinancial.com and by facsimile at (317) 633-6636 (the fax number on its website). The next day, he mailed a copy of the letter to Ashwood Financial at P.O. Box 47707, Indianapolis, Indiana, 46247-0707 (the mailing address listed on its website). He enclosed copies of his previous correspondence with Ashwood Financial including the documentation from North Shore LIJ. After recounting the history of his interactions with Ms. Cosby and emphasizing that his hospital bill had been paid in full, Mr. Piotrowski wrote: "Accordingly, you are hereby advised to **STOP** any further collection practices in regards to this matter. If you continue with **any** such practices or communication, I will file a lawsuit in the United States District Court for the Eastern District of New York against Ashwood Financial, Inc. and Ms. Cosby, individually, alleging FDCPA violations."

16. Despite Mr. Piotrowski's providing documentation showing that his hospital bill had been paid in full, despite his written requests that the debt be

marked as "disputed," despite his written requests for verification of the alleged debt and for the name and address of the original creditor, and despite his written demands that Ashwood Financial cease contacting him, Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on eight occasions after he had sent the October 14 letter. Mr. Piotrowski possesses telephone records and voicemail recordings of these eight calls.

17. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on October 23, 2014.

18. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on November 6, 2014.

19. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on December 16, 2014.

20. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on December 18, 2014.

21. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on January 19, 2015.

22. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on January 22, 2015.

23. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on January 26, 2015.

24. Ashwood Financial used an automated telephone system and artificial or prerecorded voice to call Mr. Piotrowski's cell phone on January 28, 2015.

25. Upon information and belief, Ashwood Financial either did not maintain a "do not call" list as required by the TCPA or never put Mr. Piotrowski on its "do not call" list.

26. To date, there have been no further communications from Ashwood Financial to Mr. Piotrowski.

## **COUNT ONE: VIOLATIONS OF THE FDCPA**

27. Plaintiff repeats and re-alleges paragraphs 1-26 above.

28. The plaintiff is a covered person, individual, or consumer within the meaning of the FDCPA and at all relevant times was entitled to the protections of the act.

29. The defendant is a covered debt collector within the meaning of the FDCPA and at all relevant times was required to comply with the requirements of the act.

30. Under the FDCPA, a debt collector must cease communications with a consumer when the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer. As alleged above, the defendant violated these provisions of the act.

31. Under the FDCPA, a debt collector must cease collection of a debt when a consumer notifies the debt collector in writing that the debt is disputed and may not resume any collection activities until the debt collector has verified the debt and the name and address of the original creditor and mailed this information to the consumer. As alleged above, the defendant violated these provisions of the act.

32. Under the FDCPA, a debt collector must cease collection of a debt when a consumer notifies the debt collector in writing that the consumer requests the name and address of the original creditor and may not resume any collection activities until the debt collector has verified the debt and the name and

address of the original creditor and mailed this information to the consumer. As alleged above, the defendant violated these provisions of the act.

33. The plaintiff hereby pleads all other violations of the FDCPA that may be reasonably inferred based on the allegations set forth herein whether or not specifically alleged in this section.

34. The defendant's violations of the FDCPA in this case were intentional, knowing, and willful, and were not the result of bona fide errors.

35. As a result of the defendant's violations of the FDCPA, Mr. Piotrowski is entitled to an award of actual damages, statutory damages, attorney's fees, and costs.

## COUNT TWO: VIOLATIONS OF THE TCPA

36. Plaintiff repeats and re-alleges paragraphs 1-35 above.

37. The plaintiff is a covered person within the meaning of the TCPA and at all relevant times was entitled to the protections of the act.

38. The defendant is a covered person within the meaning of the TCPA and at all relevant times was required to comply with the requirements of the act.

39. The TCPA prohibits the use of automated telephone systems and artificial or prerecorded voices to make calls to any telephone number assigned to a cellular telephone service. As alleged above, the defendant violated these provisions of the act.

40. The plaintiff hereby pleads all other violations of the TCPA that may be reasonably inferred based on the allegations set forth herein whether or not specifically alleged in this section.

41. The defendant's violations of the FDCPA in this case were intentional, knowing, and willful, and were not the result of bona fide errors.

42. As a result of the defendant's violations of the FTCPA, Mr. Piotrowski is entitled to an award of actual damages, statutory damages, treble damages, attorney's fees, and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Tomasz Piotrowski hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays for relief against the defendant as follows:

A. A judgment declaring that Ashwood Financial is liable to the plaintiff for violating the FDCPA (Count One);

B. A judgment declaring that Ashwood Financial is liable to the plaintiff for violating the TCPA (Count Two);

C. An award of actual damages as allowed by law;

D. An award of maximum statutory damages as allowed by law;

E. An award of treble damages as allowed by law;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Attorney's fees and costs as allowed by law; and

H. All other relief that the plaintiff may be entitled to under law, or as justice may require.


Dated: October 9, 2015
New York, NY

Respectfully submitted,

*Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com
Website: www.warshawskylawfirm.com

*Attorneys for Tomasz J. Piotrowski*